IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 26 2012
J.T. NOBLIN, CLERK
BY_____ DEPUTY

FAULKNER LITERARY RIGHTS, LLC                                PLAINTIFF

V.                                                           NO. 3:12CV732 HTW-LRA

NORTHROP GRUMMAN CORPORATION and
THE WASHINGTON POST COMPANY                                  DEFENDANTS

## COMPLAINT

### *Jury Trial Demanded*

Plaintiff Faulkner Literary Rights, LLC ("Faulkner"), states the following claims against Defendants Northrop Grumman Corporation ("Northrop"), and The Washington Post Company ("the Post"):

#### PARTIES

1.  Faulkner is a limited liability company formed under the laws of the State of Virginia, with its principal place of business in Charlottesville, Virginia.

2.  Northrop is a Delaware corporation with its principal place of business in Falls Church, Virginia.

3.  The Post is a Delaware corporation with its principal place of business in Washington, District of Columbia. The Post publishes *The Washington Post*, a daily newspaper.

#### SUBJECT MATTER JURISDICTION

4.  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the matter arises under the Lanham Act, 15 U.S.C. § 1125, and under 28 U.S.C. § 1338(a), as the matter arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq*. This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367, as that claim is so related to the federal claims that it forms part of the same case or controversy.

## PERSONAL JURISDICTION

5. This Court has general personal jurisdiction over Northrop and the Post under the Mississippi Long-Arm Statute, Miss. Code § 13-3-57. Northrop and the Post have purposefully engaged in regular and continuous contacts within the State of Mississippi and this District, such that they have purposefully availed themselves of the benefits and protections of Mississippi's laws. Northrop and the Post have also committed a tort in whole or in part in Mississippi and in this District. The maintenance of this action against Northrop and the Post in this Court will not offend the traditional notions of fair play and substantial justice.

## VENUE

6. Because Northrop and the Post may be found in this District as the result of this Court's personal jurisdiction over them, venue is proper in this Court under 28 U.S.C. § 1400(a). Venue is also proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this action occurred in this District.

## FACTS

7. On July 4, 2011, Northrop, a defense contractor, ran a full-page advertisement ("the Infringing Advertisement") in *The Washington Post* containing the following quotation ("the Quote") near the top of the page:

> We must be free
> not because we claim freedom,
> but because we practice it.
>
> - William Faulkner

The bulk of the rest of the advertisement consists of a large photograph of an American flag. At the bottom of the page, the following text appears:

## On July 4th, 1776,

The members of the Continental Congress adopted the Declaration of Independence, making us a free nation. We're thankful for our freedom and for those who continue to keep us free.

Northrop's corporate logo appears below the text. In smaller text along the right side of the advertisement, the following notation appears: "©2011 Northrop Grumman Corporation". *See* Infringing Advertisement (Exhibit "A" to Complaint).

8. William Faulkner wrote the Quote, which he included in an essay entitled *"On Fear: The South in Labor"* ("the Essay"). The Essay, a reflection on the aftermath of *Brown v. Board of Education*, was published in the June 1956 edition of *Harper's Magazine*. *See* Essay (Exhibit "B" to Complaint).

9. Faulkner is the owner of the copyright to the Essay (including the Quote), original registration number B00000597121 (May 31, 1956), and renewal registration number RE0000207851 (July 12, 1984). Faulkner is also the owner of all right, title, and interest in the name, image and likeness of William Faulkner.

10. Neither Northrop nor the Post sought or received Faulkner's permission before creating and publishing the Infringing Advertisement in *The Washington Post*.

11. The Infringing Advertisement does not contain the full text of the Quote, which reads as follows:

> We must be free not because we claim freedom, but because we practice it; our freedom must be buttressed by a homogeny equally and unchallengeably free, no matter what color they are, so that all the other inimical forces everywhere - systems political or religious or racial or national - will not just respect us because we practice freedom, they will fear us because we do.

*See Id.*, p.6.

12. Since the Infringing Advertisement originally appeared in *The Washington Post*, Northrop has continuously published it by making it available on Northrop's corporate web site

at http://www.northropgrumman.com/pdf/2011-july-4th-ad.pdf. Northrop did not seek or receive Faulkner's permission before publishing the Infringing Advertisement on its web site.

### COUNT I: COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

13.  Faulkner incorporates by reference all averments in Paragraphs 1 through 12.

14.  Faulkner is and was at all relevant times the owner of the copyright to the Essay, including the Quote.

15.  The Copyright Act grants Faulkner the exclusive right to reproduce and distribute the Essay and the Quote.

16.  Northrop and the Post infringed upon Faulkner's exclusive rights. Northrop and/or the Post willfully and intentionally infringed upon Faulkner's exclusive rights.

17.  Faulkner is entitled to compensatory damages under 17 U.S.C. § 504 and to costs and attorney fees under 17 U.S.C. § 505. Faulkner is also entitled to injunctive relief, under 17 U.S.C. § 502, prohibiting Northrop and the Post from any further publication of the Infringing Advertisement in violation of Faulkner's rights.

### COUNT II: LANHAM ACT (15 U.S.C. § 1125)

18.  Faulkner incorporates by reference all averments in Paragraphs 1 through 17.

19.  Northrop and the Post published the Infringing Advertisement in the course of interstate commerce.

20.  Northrop's and the Post's use of the Quote and of William Faulkner's name in the Infringing Advertisement is likely to cause and/or has caused confusion, mistake and/or deception in the Post's readers and/or in visitors to Northrop's web site as to a perceived affiliation, connection, or association between William Faulkner and his written works, on the one hand, and Northrop, on the other hand.

21.     Northrop's and the Post's use of the Quote and of William Faulkner's name in the Infringing Advertisement is likely to cause and/or has caused confusion, mistake and/or deception in the Post's readers and/or in visitors to Northrop's web site as to the origin, sponsorship or approval of Northrop's goods, services or commercial activity by William Faulkner and/or his written works.

22.     Northrop's and/or the Post's actions in creating and publishing the Infringing Advertisement were malicious, fraudulent, deliberate and/or willful.

23.     Faulkner is entitled to damages, disgorgement of profits, costs and attorney fees pursuant to 15 U.S.C. § 1117.

### COUNT III: COMMERCIAL APPROPRIATION

24.     Faulkner incorporates by reference all averments contained in Paragraphs 1 through 23.

25.     Through the publication of the Infringing Advertisement, Northrop appropriated the name and works of William Faulkner for its commercial advantage.

26.     Northrop did not have Faulkner's consent to appropriate William Faulkner's name or his works for Northrop's advantage.

27.     Northrop maliciously or in a grossly negligent manner appropriated William Faulkner's name and works for its own benefit, without regard for Faulkner's legal rights.

28.     As a proximate result of Northrop's actions, Faulkner is entitled to compensatory and punitive damages and attorney fees.

FOR THESE REASONS, Plaintiff Faulkner Literary Rights, LLC, requests that this Court grant judgment in its favor and against Defendants Northrop Grumman Corporation and The Washington Post Company, with relief to include compensatory damages, punitive damages,

disgorgement of profits, injunctive relief, costs and reasonable attorney fees. Faulkner requests such other relief as the Court deems appropriate under the circumstances.

THIS, the 22nd day of October, 2012.

Respectfully submitted,

FAULKNER LITERARY RIGHTS, LLC

_____
J. CAL MAYO, JR. (MB NO. 8492)
POPE S. MALLETTE (MB NO. 9836)
PAUL B. WATKINS, JR. (MB NO. 102348)
ITS ATTORNEYS

OF COUNSEL:

MAYO MALLETTE PLLC
5 University Office Park
2094 Old Taylor Road
Post Office Box 1456
Oxford, Mississippi  38655
Tel: (662) 236-0055
Fax: (662) 236-0035